IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| K2M, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   C.A. No. 17-61 (GMS) |
| ORTHOPEDIATRICS CORP. and | ) |
| ORTHOPEDIATRICS US DISTRIBUTION | ) |
| CORP., | ) |
| | ) |
| Defendants. | ) |

## JOINT STATUS REPORT

Pursuant to Fed. R. Civ. P. 16, D. Del. LR 16.2 and the Court's March 6, 2017 Order Re: Case Management in Civil Cases (D.I. 13), the parties, by and through their undersigned counsel, jointly and respectfully submit this Joint Status Report. Counsel for the parties participated in a telephone conference pursuant to the Court's March 6, 2016 Order, and as required by Fed. R. Civ. P. 26(f) on March 24, 2017. Mike Connor and Brian Hill from Alston & Bird LLP and Rodger Smith of Morris, Nichols, Arsht & Tunnell LLP participated on behalf of plaintiff K2M, Inc. (hereinafter, "K2M" or "Plaintiff"). John Bennett of Ulmer & Berne LLP and Allison McCowan of Saul Ewing LLP participated on behalf of defendants OrthoPediatrics Corp. and OrthoPediatrics US Distribution Corp. (collectively, "OrthoPediatrics" or "Defendants").

1.      **Jurisdiction and Service**

All Defendants have been served. The parties do not contest subject matter jurisdiction, personal jurisdiction, or venue solely for the limited purposes of this action only.

2.      **Substance of the Action**

      This is a patent infringement action in which the Plaintiff alleges that the Defendants have infringed one or more claims of U.S. Patent No. 9,532,816 (the "'816 patent"), entitled "Rod Reduction Device and Method of Use."

Plaintiff's Position:

      K2M is a medical device company based in Leesburg, Virginia, that was founded by medical device industry veteran Eric Major and John Kostuik, MD, former chief of spine surgery at Johns Hopkins University and a founding member of the North American Spine Society.  K2M is a leader in the design and development of products for use by spine surgeons that are used in surgery to treat the most complex spinal pathologies, including spinal deformities.  These complex spine surgeries include derotating and fixing the spine in a straightened position with screws placed into vertebral bodies secured to rods extending along the spine.  The task of correcting the position of the spine, seating the rods into the screws and locking the screws to the rods is quite difficult.

      K2M improved on prior products available to spine surgeons and surgical techniques for treating scoliosis by developing a unique rod reducing instrument that K2M markets under the name Cricket®, along with a technique for using that instrument that helps surgeons perform complex spine surgeries.  Attaching a Cricket® rod reducer instrument to each pedicle screw allows surgeons to adjust each Cricket® instrument independently of the others and to gradually approximate the rod to the series of screws.  This was a novel approach made possible by K2M's development and introduction of the Cricket® rod reducing instrument.  K2M subsequently obtained a series of patents directed to its novel rod reducing technology including, inter alia, the '816 patent.

K2M alleges that OrthoPediatrics makes, uses, imports and commercializes its JIMINY rod reduction instrument in conjunction with and as a component part of its RESPONSE spine system.   OrthoPediatrics markets and promotes its RESPONSE system as allowing for "simple" rod reduction by virtue of the JIMINY rod reduction instrument.   K2M alleges that OrthoPediatrics' actions concerning its JIMINY rod reduction instrument, including its making, use, importation and commercialization of the JIMINY instrument infringes, either directly or indirectly, one or more claims of the '816 patent.   Accordingly, K2M asserts that it is suffering and will continue to suffer monetary damages from Defendants' unauthorized infringement that are compensable by an award of damages under 35 U.S.C. § 284 in an amount not less than a reasonable royalty sufficient to compensate K2M for its infringement of the patent, and further including lost profits, price erosion and other damages compensable by law, plus pre- and post-judgment interest.   In addition, Defendant's infringing activity should be enjoined for the remaining term of the patent, and other legal and equitable relief granted as the Court may deem just and proper.

Defendant's Position:

Defendant OrthoPediatrics is a company that provides solutions for the treatment of spinal disorders in children.   OrthoPediatrics denies that K2M developed a unique or novel rod reducing instrument.   Rather, K2M's purported invention was known in the art, and any allegedly infringed claims of the '816 patent are invalid.

Although it axiomatic that one cannot infringe an invalid patent, even if the '816 patent were valid, OrthoPediatrics does not infringe and has not infringed any claim of the patent.   And because the inventor of the '816 patent surrendered subject matter during

prosecution of the patent, (1) the literal scope of the patent's claims is considerably limited and (2) K2M is estopped from arguing infringement under the doctrine of equivalents.

For these reasons, OrthoPediatrics counterclaimed for declaratory judgment of invalidity and noninfringement.  OrthoPediatrics also asserted various additional defenses, such as for K2M's failure to state a claim, K2M's lack of damages, and equitable defenses.

**3.      Identification of Issues**

The parties agree that the following factual and legal issues are in dispute:

A.      Construction of disputed claim terms or phrases;

B.      The literal scope of any asserted claims and whether Plaintiff is estopped from arguing infringement under the doctrine of equivalents;

C.      Whether Defendants have infringed one or more claims of the '816 patent, either literally or under the doctrine of equivalents;

D.      Whether any of the asserted claims of the '816 patent are invalid and/or unenforceable;

E.      Whether Plaintiff's claims are barred in whole or in part by Defendants' equitable defenses;

F.      If infringement is found, the appropriate scope and size of relief, including any injunction under 35 U.S.C. § 283, and/or monetary relief under 35 U.S.C. § 284; and

G.      Whether any party is entitled to an award of attorney' fees, costs, and/or expenses under 35 U.S.C. § 285.

4.      **Narrowing of Issues**

The parties expect that, as discovery proceeds, they may be able to narrow the issues by way of stipulation or agreement.

5.      **Relief**

Plaintiff seeks at least the following relief:

A.      Judgment that Defendants have infringed and continue to infringe one or more claims of the '816 patent, either literally or under the doctrine of equivalents;

B.      Damages caused by Defendants' infringing activities;

C.      Pre-judgement and post-judgment interest at the maximum rate allowable by law on damages caused by reason of Defendants' infringing activities;

D.      Costs and reasonable attorney's fees and expenses; and

E.      That Defendants' be permanently enjoined from any conduct or activity that infringes the '816 patent.

Defendant OrthoPediatrics seeks an order:

A.      Declaring that OrthoPediatrics does not infringe any claims of the '816 patent;

B.      Declaring that the claims of the '816 patent are invalid;

C.      Declaring that OrthoPediatrics is not liable in any way for the relief sought in the complaint, denying K2M all such relief, and dismissing the complaint with prejudice;

D.      Declaring that this is an exceptional case under 35 U.S.C. § 285 and entering a judgment awarding OrthoPediatrics its costs and attorneys' fees; and

E.      Awarding such other and further relief as the Court deems equitable and just.

**6.      Amendment of Pleadings**

The parties propose an August 15, 2017 deadline for amendment of pleadings except for inequitable conduct, for which the parties propose a deadline of November 1, 2017.

**7.      Joinder of Parties**

The parties propose an August 15, 2017 deadline to add any additional parties.

**8.      Discovery**

The parties anticipate taking fact and expert discovery regarding the issues identified above and that may be shown to be relevant to those issues as the case progresses.  The parties anticipate taking the following general types of discovery to prepare for trial:  (i) written discovery and the production of documents relating to facts and the parties contentions; (ii) fact depositions, including testimony pursuant to Fed. R. Civ. P. 30(b)(6); and (iii) expert discovery (including expert reports and depositions) on issues related to validity, infringement, and damages.

The parties further contemplate that they will seek discovery with regards to at least the following specific topics:

Plaintiff's Contemplated Discovery:

    A.    Information or evidence sufficient to identify the accused products, systems, and components thereof, including information related to their design and operation;

    B.    Photographs, charts, data, diagrams, and other technical documents concerning the accused products, systems, and components thereof;

    C.    Pricing information concerning the accused products;

    D.    Marketing materials, including those detailing Defendants' instructions to customers on how to use the accused products and systems;

    E.    Information or evidence sufficient to identify all entities and persons involved in the sale of the accused products, systems, and components thereof, and the nature and extent of their involvement; and

    F.    Details concerning each sale of the accused products, systems, and components thereof.

Defendants' Contemplated Discovery:

    A.    Information related to Plaintiff's business, including its corporate structure, business plan, business activities, and financial statements;

    B.    Information regarding conception, reduction to practice, diligence, inventorship, and/or prosecution related to the '816 patent or any related patents currently or previously developed by, or owned or assigned to, Plaintiff;

    C.    Information related to the named inventor of the '816 patent;

    D.     Information related to Plaintiff's damages theory and monetization of the '816 patent, including licensing efforts, royalty proposals, offers for sales, and related negotiations or discussions;

    E.     Information related to any commercial systems Plaintiff may contend embody the '816 patent;

    F.     Information related to Plaintiff's and the inventor's interpretation of the '816 patent;

    G.     Information related to the invalidity of the '816 patent;

    H.     Information related to Plaintiff's infringement theories;

    I.     Information related to market or competitor studies concerning the relevant industry to the '816 patent, including, e.g., as it relates to the accused products and/or Defendants; and

    J.     Information related to pre-suit communications and analyses concerning the accused products and/or Defendants.

The parties further propose that the default limits on discovery contained in the Federal Rules for Civil Procedure shall apply to this action, subject to the parties reaching a future agreement, in writing, modifying those default limitations or the Court entering an order modifying those default limitations for good cause shown. The parties further propose the discovery deadlines attached herein as Exhibit A.

**9.    Estimated Trial Length**

The parties believe that the trial will last for 3-4 days. The parties will attempt to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence, as appropriate.

10.     **Jury Trial**

     All parties have requested a jury trial.

11.     **Settlement**

     The parties have engaged in preliminary discussions and remain open to the possibility of an amicable settlement.  Although the parties believe that it may be premature at this time, the parties are not opposed to having the case referred to mediation before a magistrate judge at a later date.

12.     **Other Matters**

     The parties believe that a protective order is necessary due to confidential information that has been and/or will be exchanged in this action and will work together to agree on a proposed protective order and submit it for the Court's approval.

13.     **Conference of Counsel**

     Counsel for the parties conferred about each of the above matters during a telephone conference held on March 24, 2017, and in prior and subsequent correspondence.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiff*

SAUL EWING LLP

*/s/ Allison J. McCowan*
_____
James D. Taylor, Jr. (#4009)
Allison J. McCowan (#5931)
1201 North Market Street, Suite 2300
Wilmington, DE  19801
(302) 421-6800
jtaylor@saul.com
amccowan@saul.com

*Attorneys for Defendants*

OF COUNSEL:                             OF COUNSEL:

Michael S. Connor                       John F. Bennett
Brian D. Hill                           Paul M. Ulrich
ALSTON & BIRD LLP                       ULMER & BERNE LLP
The Atlantic Building                   600 Vine Street, Suite 2800
950 F Street, NW                        Cincinnati, OH  45202-2409
Washington, DC  20004                   (513) 698-5000
(202) 239-3300

April 5, 2017

**Exhibit A**

| Event | Proposed Date |
|---|---|
| Rule 26(f) Meet and Confer | March 24, 2017 |
| Commencement of Fact Discovery | April 5, 2017 |
| Rule 26(a) Initial Disclosures | April 14, 2017 |
| Plaintiff's Disclosure of Accused Products | May 5, 2017 |
| Defendant's production of core technical documents | May 26, 2017 |
| Plaintiff's production of infringement charts | June 23, 2017 |
| Defendant's production of invalidity contentions and prior art | August 9, 2017 |
| Joinder of Parties and Amendment of Pleadings | August 15, 2017 |
| Claim term exchange | August 30, 2017 |
| Exchange of Proposed Claim Constructions and Intrinsic Evidence | September 15, 2017 |
| Meet and Confer on Proposed Claim Constructions | September 29, 2017 |
| Final Joint Claim Chart | October 11, 2017 |
| Document Production - Substantial Completion | October 25, 2017 |
| Opening Claim Construction Briefs | October 25, 2017 |
| Amendment to add inequitable conduct | November 1, 2017 |
| Answering Claim Construction Briefs | November 22, 2017 |
| Joint Appendix of Intrinsic Hearings | November 22, 2017 |
| Markman Hearing | December ___, 2017 |
| Reliance Upon Advice of Counsel | 30 days following claim construction ruling |
| Fact Discovery Completion Date | March 16, 2018 |
| Opening Expert Reports | April 18, 2018 |
| Rebuttal Expert Reports | May 23, 2018 |
| Expert Discovery Completion Date | June 29, 2018 |
| Opening Letter Briefs Seeking Permission to File Summary Judgment Motions | July 13, 2018 |
| Answering Letter Briefs to File Summary Judgment Motions | July 27, 2018 |

| Event | Proposed Date |
|---|---|
| Reply Letter Briefs Seeking Permission to File Summary Judgment Motions | August 15, 2018 |
| Summary Judgment – Opening Briefs | Within 14 days of court's approval |
| Summary Judgment – Answering Briefs | 17 days after opening motions |
| Summary Judgment – Reply Briefs | 10 days after answers |
| Summary Judgment Hearing | TBD |
| Proposed Final Pretrial Order | Three business days before pretrial conference |
| Pretrial Conference | November 2018, or at the convenience of the Court |
| Trial | December 2018, or at the convenience of the Court |